UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD C. YOUNG,

    Petitioner,

Case NO. 2:19-CV-12710
HONORABLE SEAN F. COX
UNITED STATES DISTRICT JUDGE

v.

CONNIE HORTON,

    Respondent,

_____/

# OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS TO THE WESTERN DISTRICT OF MICHIGAN

Richard C. Young, ("petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for three counts of armed robbery out of the Circuit Court for Calhoun County, Michigan. In the interests of justice, the Court concludes that the proper venue for this petition is in the Western District of Michigan and orders that the petition be transferred to that district.

## I. DISCUSSION

28 U.S.C. 28 U.S.C. § 2241 (d) states:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

1

28 U.S.C. § 2241(d) thus allows a state prisoner who seeks relief from a state court conviction to file a petition for writ of habeas corpus either in the federal district where he or she was convicted or in the district where he or she is confined, provided, of course, that both judicial districts are located within the same State. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973); *Schlanger v. Seamans*, 401 U.S. 487, 490, n. 3 (1971).

Petitioner was convicted in Calhoun County, Michigan and is presently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, both located in the Western District of Michigan. A federal district court lacks jurisdiction to hear a state prisoner's habeas petition, where the petitioner was not convicted, sentenced, or incarcerated within that district. *See Wadsworth v. Johnson*, 235 F. 3d 959, 962-63 (5th Cir. 2000). Petitioner was convicted and sentenced in a state court located in the Western District of Michigan and is incarcerated in a state facility likewise located in that district; the Western District of Michigan is the only court with jurisdiction to hear his 28 U.S.C. § 2254 petition. *See Carmona v. Andrews,* 357 F. 3d 535, 537-39 (5th Cir. 2004); *See also Manes v. Bell,* No. 07-CV-11716, 2007 WL 1228093, * 1 (E.D. Mich. April 23, 2007)(because both the place of petitioner's conviction and the locale of his incarceration were in the Western District of Michigan, the only proper place of venue would be that district)(citing *Gist v. Henderson*, 401 F. Supp. 819, 819 (W.D.N.Y. 1975)). The case is transferred to the Western District of Michigan pursuant to § 2241(d), because petitioner's conviction was imposed in a state court that is not located in the Eastern District of Michigan and petitioner is not presently in custody in this district. *See Dilworth v. Johnson*, 215 F. 3d 497, 499, n. 1 (5th Cir. 2000); *Manes,* Slip. Op. at * 1.

## II.  ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 2241(d).


Dated:  September 26, 2019	s/Sean F. Cox
	Sean F. Cox
	U. S. District Judge